# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | |
|---|---|
| CECIL KELLY and RENEE KELLY,   ) | |
|                     ) | |
|      Plaintiffs,        ) | |
|                     ) | |
| v.                       ) | CV619-051 |
|                     ) | |
| AMERICAN MULTI-CINEMA,   ) | |
| INC. et al.,             ) | |
|                     ) | |
|      Defendants.     ) | |

## ORDER

Before the Court is the plaintiff's Motion to Amend the Complaint to Add Parties or Substitute, doc. 15, and the parties Consent Motion to Substitute Party and Amend the Pleadings, doc. 16. For the following reasons, plaintiff's motion, doc. 15, is **DENIED** with leave to refile and the consent motion, doc. 16, is **GRANTED**. The Clerk of Court is **DIRECTED** to update the caption to reflect the substitution of American Multi-Cinema, Inc. for American Multi-Cinema, Inc., d/b/a AMC Classic Statesboro 12.

## BACKGROUND

This case was removed to this Court on May 29, 2019. Doc. 1. In brief, plaintiff Cecil Kelly was attending a movie when his seat collapsed

beneath him causing injuries. Doc. 1-1 at 4. Mr. Kelly, sued the theater, three unnamed corporations, Jordan Kass—the theater's manager—, three John Does, and three Jane Does. *Id.* at 3. He brought claims for premises liability and negligence. *Id.* at 5. Renee Kelly—Cecil Kelly's wife—alleges loss of consortium. *Id.* at 6.

Defendants based their removal on the allegation that Jordan Kass—a citizen and resident of Bulloch County—was fraudulently joined. Doc. 4-1 at 8. They subsequently moved to dismiss defendant Kass on this basis. Doc. 4. Plaintiffs then moved to remand. Doc. 9. While they acknowledged that defendant Kass was not the manager of the cinema on the date of the accident, they alleged that other citizens of the state of Georgia were. *Id.* at 2. Plaintiffs indicated in their Motion to Remand that they would seek to amend the complaint to add these other, at-that-time unnamed, individuals. *Id.* While the motion to remand and the motion to dismiss are not referred to the undersigned, plaintiff's attempt at amendment is.

Plaintiffs seek to amend this complaint to add Destiny Paulk and Jessica Mae Smith as these individuals were responsible for the maintenance of the theater, seating of its invitees, and inspection of the

theater for potential hazards.  Doc. 15 at 2.  Plaintiffs do not identify the theories under which they would sue these individuals.  Defendants argue in opposition that there is no basis for liability against either Ms. Paulk or Ms. Smith.  Doc. 17 at 6.

## ANALYSIS

As an initial matter, the motion to amend to name the proper party, doc. 16, is **GRANTED** as unopposed.  However, whether the plaintiff's motion to amend to add additional parties should be granted is less clear.  This case is complicated by the fact that plaintiffs are attempting to amend the complaint, in part, to support remand.  Generally, a request to add a party would be subject to the requirements of Rule 15(a), which allows a party to amend after being served with responsive pleadings, only with written consent or the Court's leave.  Such leave should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *see also Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).  That decision is left to the discretion of the court.  *Mayes v.*

*Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). "[T]he addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum." *Osgood v. Discount Auto Parts, LLC*, 955 F. Supp. 2d 1352, 1355 (S.D. Fla. 2013).

As amendment and the addition of the proposed parties would ultimately require remand, the request is scrutinized "more closely than a motion to amend under Rule 15," and the Court "should deny leave to amend unless strong equities support the amendment." *Jarriel v. Gen. Mot. Corp.*, 835 F. Supp. 639, 640-41 (N.D. Ga. 1993) (citations omitted); *Liberacki v. Kroger Co.*, 2013 WL 12061882, * 2 (N.D. Ga. April 18, 2013) ("Courts have regularly held that the liberal amendment standard in Rule 15 must yield to the more specific rule governing joinder after removal in Section 1447(e)." (quoting *Fayne v. Green Tree Serv., LLC*, 2012 WL 12839545, *3 (N.D. Ga. July 25, 2012)). Determining whether the amendment to join a non-diverse defendant should be permitted requires the Court to balance the equities involved. *Jarriel v. Gen. Motors Corp.*, 835 F. Supp 639, 641 (N.D. Ga. 1993). As a result, this district has adopted the Fifth Circuit's factor analysis. "Factors to be considered are: (1)

whether the plaintiff would be significantly injured if the amendment were not permitted, (2) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (3) whether the plaintiff has been dilatory in seeking amendment, and (4) any other factors bearing on the equities." *Clement v. CSX Transp., Inc.*, 2007 WL 1098784, at \*2 (S.D. Ga. Apr. 9, 2007) (*citing Hensgens*, 833 F.2d at 1182).

Plaintiffs attempted to file a complaint against the theater's manager, but misidentified the manager at issue. The attempt may be enough to save plaintiff's amendment. *See Denver v. Family Dollar Stores of Georgia, LLC*, 775 F. App'x 866 (11th Cir. 2018). Nevertheless, neither plaintiffs nor defendants addressed the proper standard in their briefs. *See* doc. 15, doc. 16. Both parties relied on Fed. R. Civ. P. 15 rather than the more stringent standard articulated in 28 U.S.C. § 1447(e). As a result, the Court lacks briefing on any of the factors involved in the analysis. Accordingly, the Court will **DENY** plaintiff's motion with leave to refile. Doc. 15. If plaintiffs wish to amend, they shall have fourteen days from the date of this order to file a second motion applying the appropriate standard. Defendants shall have fourteen days to respond.

## CONCLUSION

For the foregoing reasons, plaintiff's motion, doc. 15, is **DENIED** with leave to refile and the consent motion, doc. 16, is **GRANTED**. The Clerk of Court is **DIRECTED** to update the caption to reflect the substitution of American Multi-Cinema, Inc. for American Multi-Cinema, Inc., d/b/a AMC Classic Statesboro 12.

**SO ORDERED,** this 24th day of October, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA