**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| CECIL KELLY and RENEE KELLY,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA MULTI-CINEMA, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO.: 6:19-cv-51 |

**O R D E R**

Plaintiffs Cecil and Renee Kelly initiated this action against Defendants American Multi-Cinema, Inc. ("AMC"), ABC Corporations 1–3, Jordan Kass, John Does 1–3, and Jane Does 1–3 after Mr. Kelly allegedly sustained injuries while at a movie theater in Statesboro, Georgia. (Doc. 1-1.) Plaintiffs originally filed this action in the Superior Court of Bulloch County, (id.), and AMC subsequently removed to this Court, (doc. 1). The case is presently before the Court on AMC's Motion to Dismiss Defendant Jordan Kass, (doc. 4), Plaintiffs' Motion to Remand, (doc. 9), and the parties' Joint Motion to Stay Discovery and Amend Scheduling Order, (doc. 49). The Court will address each motion in turn.

**I.  Motion to Dismiss Jordan Kass (Doc. 4)**

On December 20, 2019, Plaintiffs filed an Amended Complaint that omitted Kass as a defendant, (doc. 30.), after they learned that he was not the manager of the theater at the time of the incident, (doc. 8, p. 2). Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power. Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is

abandoned by amendment and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); see Nettles v. Pensacola Police Dep't, 423 F. App'x 853, 854 (11th Cir. 2011) ("[Plaintiff did not name Sergeant Bower (or any other police officer) in his amended complaint; thus, Bower was not a proper defendant."). Accordingly, the Court **DENIES AS MOOT** AMC's Motion to Dismiss Defendant Jordan Kass for Fraudulent Joinder, (doc. 4), and **DIRECTS** the Clerk of Court to **TERMINATE** Kass as a party to this action.

## II. Motion to Remand (Doc. 9)

Prior to filing their Amended Complaint, Plaintiffs filed a Motion to Remand, asserting that removal was improper because complete diversity does not exist between the parties. (Doc. 9, p. 6.) AMC filed a Brief in Opposition, arguing that Kass was not a proper party to the action and thus could not defeat diversity jurisdiction. (Doc. 11, pp. 10–11.)

However, in their Amended Complaint, Plaintiffs added Destiny Paulk and Jessica Mae Smith (in place of Kass), alleging that these defendants "were the general managers, facilities managers, and employees present on the day of the incident. (Doc. 30, p. 4.) A few weeks later, AMC filed a Motion to Dismiss Paulk and Smith, (doc. 34.), and Paulk filed her own Motion to Dismiss, (doc. 44). In both of these Motions, Defendants argue that Paulk and Smith should be dismissed because they were fraudulently joined, and because the applicable statute of limitations barred Plaintiffs' claims against them. (Doc. 34-1, pp 9–15; doc. 44-1, pp. 3–7.)

Given that Plaintiffs filed their Motion to Remand prior to the addition of Paulk or Smith as parties, it necessarily does not address any of the concerns raised in Defendants' subsequent Motions. As such, the Court **DENIES** Plaintiffs' Motion to Remand, (doc. 9), with leave to refile. Should Plaintiffs choose to do so, the Court hereby **ORDERS** Plaintiffs to refile their Motion to

Remand within twenty-one (21) days of this Order.  The Motion to Remand and supporting brief shall include, but need not be limited to, a full discussion of the issues raised by Defendants in their Motions to Dismiss, specifically: (1) whether the addition of Paulk and Smith to this action constitutes fraudulent joinder; (2) whether the addition of Paulk and Smith after removal defeats diversity jurisdiction; (3) whether the applicable statutes of limitation bar Plaintiffs' claims against Paulk and Smith; and (4) whether diversity jurisdiction exists if the statute of limitations bars Plaintiffs' claims against Paulk and Smith.[1]  Defendants will then have fourteen (14) days to respond to any such Motion.

### III.     Motion to Stay Discovery (Doc. 49)

Finally, the parties filed a Joint Motion to Stay Discovery and Amend Scheduling Order, requesting a stay until it is determined whether remand is appropriate.  (Doc. 49, p. 1.)  In light of the foregoing, the Court **GRANTS** Plaintiffs and AMC's Joint Motion to Stay Discovery and Amend Scheduling Order.[2]  (Doc. 49.)  The Court **ORDERS** that all deadlines and proceedings in this case are **STAYED** until further order of the Court.

**SO ORDERED**, this 30th day of March, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] If any of the parties lack sufficient information to address the Court's concerns, they should explain whether jurisdictional discovery would be appropriate.

[2] The Court will provide an amended Scheduling Order after either the Plaintiffs' deadline to refile their Motion to Remand has passed, or the Court rules on the new Motion to Remand.