IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CECIL KELLY and RENEE KELLY, | |
| Plaintiffs, | CIVIL ACTION NO.: 6:19-cv-51 |
| v. | |
| AMERICA MULTI-CINEMA, INC., et al., | |
| Defendants. | |

**O R D E R**

Plaintiffs Cecil and Renee Kelly initiated this action against Defendants American Multi-Cinema, Inc. ("AMC"), ABC Corporations 1–3, Jordan Kass, John Does 1–3, and Jane Does 1–3 after Mr. Kelly allegedly sustained injuries while at a movie theater in Statesboro, Georgia. (Doc. 1-1.) Plaintiffs originally filed this action in the Superior Court of Bulloch County, (id.), and AMC subsequently removed to this Court, (doc. 1). Since then, the parties have engaged in an extensive pre-discovery motions practice,[1] during which time: Plaintiffs have (unsuccessfully) sought to remand the case, (doc. 9); one of the original non-diverse Defendants (Jordan Kass) has been dropped from the case, (see id.; doc. 52); and two additional non-diverse Defendants (Destiny Paulk and Jessica Mae Smith) have been added to the case, (doc. 30), prompting Defendants AMC, Paulk and Smith to file a flurry of new motions to dismiss, (see docs. 34 (AMC's Motion to Dismiss Paulk and Smith), 44 (Paulk's Motion to Dismiss), and 53 (Smith's Motion to Dismiss)). Those Motions to Dismiss remain pending at this time.

---

[1] The case has been stayed pending rulings on the various motions addressed in this Order. (See doc. 52.)

Following the filing and briefing of the Motions to Dismiss, however, the tide apparently turned, and Plaintiffs filed a Motion for Status Conference and to Lift Stay, in which they stated that they had "determined that they do not wish to pursue remand in this case." (Doc. 55, p. 1.) Shortly thereafter, the parties filed a Motion to Amend the Scheduling Order, (doc. 60), and Plaintiffs filed a Consent Motion to Dismiss and Drop Defendants, through which they sought to "drop" Defendants Paulk, Smith, John Does 1–3, Jane Does 1–3, and ABC Corporations 1–3 from the case. (Doc. 62.) Notably, while the Consent Motion stated that "[c]ounsel for all parties consent to this Motion as shown by their signatures below," the signature block for defense counsel indicated only that she was signing as "[a]ttorney for Defendant [AMC]," and did not indicate that she was signing in her capacity as counsel for Paulk and Smith (on whose behalf she had previously appeared in the case). (See id. at p. 2.)

The Court held a hearing on September 15, 2020, during which it raised concerns about its authority to enter an order on any of the pending motions given the fact that Paulk and Smith are undisputedly non-diverse parties. During the hearing, the parties indicated that they would file a self-effectuating dismissal of Paulk, Smith and the fictitious Doe and ABC Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). They also conceded that, upon such filing, all of the pending Motions to Dismiss, (docs. 34, 44, 53 and 62), would be rendered moot, and they expressed a mutual desire to file an updated Motion to Amend the Scheduling Order, (doc. 60), in order to propose new deadlines for the case.

Within days of the hearing, Plaintiffs and Defendants jointly filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), dismissing without prejudice Defendants Paulk, Smith, John Does 1–3, Jane Does 1–3, and ABC Corporations 1–3. (Doc. 65.) Pursuant to Rule 41(a)(1)(A)(ii), a Plaintiff may dismiss one or more defendants from

a case simply by filing "a stipulation of dismissal signed by all parties who have appeared." Here, the Stipulation was signed by counsel for Plaintiffs as well as counsel for all of the Defendants who have been named and have appeared in the case. Accordingly, Destiny Paulk, Jessica Mae Smith, John Does 1–3, Jane Does 1–3, and ABC Corporations 1–3 have been dismissed from the case without prejudice and the Court **DIRECTS** the Clerk of Court to update the docket of the case to reflect these dismissals.

In light of the foregoing, the Court **DISMISSES AS MOOT** AMC's Second Motion to Dismiss, (doc. 34), Destiny Paulk's Motion to Dismiss, (doc. 44), Jessica Mae Smith's Motion to Dismiss, (doc. 53), the Consent Motion to Dismiss and Drop Defendants, (doc. 62), as well as the Motion to Amend the Scheduling Order, (doc. 60). Additionally, because the docket reflects that the status conference requested therein was already conducted by the Magistrate Judge, (see doc. 56), and because this case is now ripe for discovery, the Court **GRANTS** the Motion for Status Conference and to Lift Stay, (doc. 55). The Court therefore **DIRECTS** the Clerk of Court to **LIFT** the stay in this case. Within **TEN (10) DAYS** of the entry of this Order, the parties shall file an updated Motion to Amend the Scheduling Order.

**SO ORDERED**, this 21st day of September, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA